noon." Such a copy was neither signed by the clerk, nor did it have any amount whatever of costs inserted in it. A judgment entered in the form of the copy served would be no judgment whatever. It is prescribed by section 1236 of the Code, as amended in 1897, that a judgment "shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the entry of the judgment." See, also, Good v. Daland, 119 N. Y. 153, 23 N. E. 474. So, also, a judgment entered upon such report should contain the costs awarded in the action against defendant, while in the copy served no costs whatever appeared. Evidently, then, if no judgment had been entered, other than as the copy indicated, no completed judgment had been entered in the action, and the notice given, instead of being a notice of the entry of judgment, was a notice of an attempt to enter it, possibly, but of an utter failure to do so. The paper upon which the plaintiff's attorney relies as a "notice of the entry of judgment" does not in fact give any such notice; and hence it was not sufficient to put the defendant in default, although much more than 30 days had passed since its service. In attempting to deprive defendant of the benefit of his case and exceptions, under the provisions of the rules above cited, plaintiff should show a strict and technical compliance with the statute on his part. Good v. Daland, supra. And clearly the notice on which he relies, upon a strict construction, falls very far short of a statement that judgment on the referee's report had then been entered.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.

(23 Misc. Rep. 417.)

KALFUR v. BROADWAY FERRY & M. AVE. R. CO.

(Supreme Court, Trial Term, Kings County. April, 1898.)

DAMAGES—EXCESSIVE VERDICT.
   A boy 18 months old received injuries resulting in the loss of his leg below the knee. *Held*, that a verdict of $15,000 was not excessive.

Action by Frederick Kalfur, an infant, against the Broadway Ferry & Metropolitan Avenue Railroad Company. Motion to set aside a verdict for the plaintiff as excessive. Motion denied.

C. J. Patterson, for plaintiff.
T. S. Moore, for defendant.

GAYNOR, J. The plaintiff, a boy eighteen months old at the time of the injury, lost his leg below the knee. The verdict was for $15,000. If $2,500 be allowed his counsel, and the remaining $12,500 be invested, and the income thereof be invested and accumulated, until the plaintiff come of age, he would then have a sum of about $20,000. This would insure him an income of $800 or $1,000 a year, (which is about as much as we may fairly presume he would earn if whole), and leave the said sum of $20,000 intact at his death. This leaves out of account his earnings; and whether they are to be less for the loss of his foot, depends on the avocation he may select. If he

become a lawyer, doctor, clergyman, clerk or merchant, for instance, his earning capacity will not be lessened by the use of an artificial foot. If he is to do certain kinds of manual work, it will be; but the income from the said sum will be as much or more than he could earn in wages if whole. I had an opinion growing out of my own view and discretion, in respect of whether the verdict be excessive. But that is not what must control me. Counsel have furnished me with a list of the cases in which such verdicts have and have not been reduced. Verdicts as large and larger for like injury have been upheld, as a rule, though it is true some have been reduced. Exercising my discretion in the light of precedent, and constrained thereby, I must deny the motion to reduce. Trial judges were never so reluctant to exercise any discretion whatever as they are at present, for reasons that are growing obvious to the bar. They do not have things presented to them under the disguise of print, and with academic afterthoughts and refinements, but in their everyday reality, just as they are generally seen and understood. Discretion exercised under these different conditions cannot in the nature of things be the same.

Motion denied.